FILED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JAN 2 9 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES OF AMERICA,**                              SUPPRESSED

               **Plaintiff,**          )     **No.**

**v.**

**JOSHUA C. MCDONALD,**                       **4:20CR070 SRC/SPM**

               **Defendant.**

## INDICTMENT

## COUNT I

The Grand Jury charges that:

A.    Introduction

    At all times pertinent herein:

    1.   Defendant Joshua C. McDonald was the owner and operator of Perfection PR Firm

LLC, a Delaware limited liability corporation that conducted business in the Eastern District of

Missouri.  Perfection PR Firm LLC ("Perfection PR") operated from approximately January

2016 until at least March 2019.  According to defendant Joshua C. McDonald, Perfection PR

traded in the Foreign Exchange Market (Forex) for clients.

    2.   FINRA (Financial Industry Regulatory Authority) operates the Central Registration

Depository (CRD), the central licensing and registration system used by the U.S. securities

industry and its regulators. The CRD contains the registration records of broker-dealer firms and

their associated individuals including their qualification, employment and disclosure histories.

At all times relevant in the indictment, defendant Joshua C. McDonald was not registered as a broker-dealer, broker-dealer agent, investment advisor, investment advisor representative, or an issuer agent.

3.   Designated by the Commodity Futures Trading Commission (CFTC) as a registered futures association, the National Futures Association (NFA) is the industrywide, self-regulatory organization for the U.S. derivatives industry.   Congress passed legislation in 2000 and 2008 requiring firms acting as counterparties to retail forex transactions, as well as forex pool operators, trading advisors and introducing brokers to register with the CFTC and become Members of NFA.   At all times relevant in this indictment, defendant Joshua C. McDonald was not registered with the National Futures Association's BASIC database as any type of commodity merchant or intermediary in connection with futures trading.

B.   The Scheme to Defraud

1.   Between in or about November 2017 and in or about June 2019, in the Eastern District of Missouri and elsewhere,

**JOSHUA C. MCDONALD,**

the defendant herein, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, which scheme and artifice to defraud is more fully described, as follows:

2.   It was part of said scheme and artifice to defraud that defendant Joshua C. McDonald solicited individuals and entities for a pooled investment vehicle through his company Perfection PR that purportedly traded off-exchange or margined foreign currency exchange ("forex") contracts.

2

3.   It was further part of said scheme and artifice to defraud that defendant Joshua C. McDonald falsely represented to prospective clients that Perfection PR had been in business for five years and that he had four years of successful forex trading experience.

4.   It was further part of said scheme and artifice to defraud that defendant Joshua C. McDonald falsely represented to prospective clients that he was successfully managing million dollar investments for clients.

5.   It was further part of said scheme and artifice to defraud that defendant Joshua C. McDonald falsely represented to prospective clients that he would provide a minimum of 20% to 50% return on their forex investment per month.

6.   It was further part of said scheme and artifice to defraud that defendant Joshua C. McDonald falsely represented to prospective clients that only a small percentage of investors' forex funds would be at risk at any time.

7.   It was further part of said scheme and artifice to defraud that defendant Joshua C. McDonald falsely represented to prospective clients that he had a 100% success rate with all his clients and provided prospective clients with false documents that purported to show these "successful stories."

8.   It was further part of said scheme and artifice to defraud that defendant Joshua C. McDonald falsely represented to investors that they had made substantial gains in their forex investments with him when, in truth and fact, he had misappropriated their funds and, without their knowledge or consent, invested their funds in cryptocurrency.

9.   It was further part of said scheme and artifice to defraud that investors, at the direction of defendant Joshua C. McDonald, deposited their forex investments funds, primarily

3

through wire transfers, into a Citibank bank account in his name or a Regions Bank account in the name of Perfection PR.

10.    In or about November 2017, defendant Joshua C. McDonald falsely represented to M.B., a resident in the Eastern District of Missouri, that he would invest M.B.'s funds in forex trading, and that at no time would more than 10% of his money be at risk.   He told M.B. that his return on his forex investment would be 20% to 60%.   Defendant Joshua C. McDonald told M.B. that he had previously worked at a large firm and left that firm to start his own company, Perfection PR.

11.    On or about November 17, 2017, M.B. and defendant Joshua C. McDonald, doing business as Perfection PR, signed a Forex Investment Agreement.   M. B. agreed to invest $100,000.   Defendant Joshua C. McDonald agreed to place M.B.'s investment in his Forex Trading Program for a minimum of 30 days and stated that the minimum goal was a 20% return on investment per month.   Defendant Joshua C. McDonald told M.B. that defendant Joshua C. McDonald would take a 35% fee from each month's profit as compensation.   M.B. did not authorize defendant Joshua C. McDonald to invest his funds in cryptocurrency.

12.    In reliance on defendant Joshua C. McDonald's false representations, on or about November 20, 2017, M.B. wired $100,000 from his business bank account in Missouri to defendant Joshua C. McDonald's Citibank account.   In violation of their agreement, and without M.B.'s knowledge or consent, defendant transferred over $14,000 of M.B.'s investment into cryptocurrency.   Defendant Joshua C. McDonald repeatedly told M.B. that he was earning profits for him.   In reliance on defendant Joshua C. McDonald's false representations, in January 2018, M.B. wired an additional $50,000 from his business bank account in Missouri to

4

defendant Joshua C. McDonald's Citibank account for an additional forex investment.   M.B.

requested $20,000 of his forex investment be returned.   Defendant Joshua C. McDonald falsely

represented to M.B. in a "Forex Earnings Report" that M.B.'s $150,000 forex investment had

made $67,866.82 in profit between November 2017 through the end of February 2018, when he

well knew that he had not invested $150,000 of M.B.'s funds in forex and he had not made the

claimed profit.   On or about March 21, 2018, after an extended period of time, defendant Joshua

C. McDonald sent M.B. his requested $20,000.   Subsequently, M.B. requested $100,000 of his

forex investment back and defendant Joshua C. McDonald never sent the funds.   On or about

May 4, 2018, defendant Joshua C. McDonald sent an email to M.B. that stated that his entire

forex investment had been lost.

C.    The Wiring

On or about November 20, 2017, in the Eastern District of Missouri and elsewhere,

**JOSHUA C. MCDONALD,**

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in

attempting to do so, and to obtain money and property by means of material false and fraudulent

pretenses, representations and promises, did knowingly and willfully transmit and cause to be

transmitted in interstate commerce, certain signs, signals and sounds by means of a wire

communication, that is, the wiring of $100,000 from M.B.'s Bank of America business account

in Missouri to defendant Joshua C. McDonald's Citibank account in Tennessee.

In violation of Title 18, United States Code, Section 1343.

**COUNT II**

The Grand Jury further charges that:

5

1. Paragraphs one through three of Section A and paragraphs one through nine of Section B of Count I of this indictment are re-alleged and incorporated herein by reference.

2. In or about November 2017, defendant Joshua C. McDonald represented to T.D., a resident in the Eastern District of Missouri, that he would invest T.D.'s funds in forex trading and that he would generate forex investment returns of approximately 20% per month.

3. On or about November 27, 2017, T.D. and defendant Joshua C. McDonald, doing business as Perfection PR, agreed to a Forex Investment Agreement. T.D. agreed to invest $10,000. Defendant Joshua C. McDonald agreed to place T.D.'s investment in his Forex Trading Program for a minimum of 30 days and stated that the minimum goal was a 20% return on investment per month. T.D. did not authorize defendant Joshua C. McDonald to invest his funds in cryptocurrency.

4. In reliance on defendant Joshua C. McDonald's false representations, on or around December 11, 2017, T.D. wired $10,000 from his U.S. Bank bank account in Missouri to Perfection PR's Regions Bank bank account in Tennessee for his forex investment. In violation of their agreement, and without T.D.'s knowledge or consent, defendant transferred over $4,000 of T.D.'s investment into cryptocurrency.

5. On or about March 1, 2018, defendant Joshua C. McDonald sent T.D. a false "Forex Earnings Report" that purported to show that T.D.'s $10,000 forex investment had grown to $12,544. On or about April 11, 2018, defendant Joshua C. McDonald sent T.D. a false "Forex Earnings Report" that purported to show that T.D.'s $10,000 forex investment had grown to $13,672.96. Defendant Joshua C. McDonald well knew said statements were false in that defendant Joshua C. McDonald had not invested $10,000 of T.D's funds in forex and he had not

6

made the claimed profits. T.D. repeatedly requested that defendant Joshua C. McDonald return his forex investment funds. Defendant Joshua C. McDonald promised to wire the funds back in 2018 but no funds were returned.

C.    The Wiring

On or about December 11, 2017, in the Eastern District of Missouri and elsewhere,

**JOSHUA C. MCDONALD,**

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in attempting to do so, and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the wiring of $10,000 from T.D.'s U.S. Bank bank account in Missouri to Perfection PR's Regions Bank bank account in Tennessee.

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT III**

The Grand Jury further charges that:

1.   Paragraphs one through three of Section A and paragraphs one through nine of Section B of Count I of this indictment are re-alleged and incorporated herein by reference.

2.   In or about January 2018, defendant Joshua C. McDonald represented to S.R. and B.R., residents in the Eastern District of Missouri, that he would invest their funds in forex trading and that he could earn 20% to 50% return on investment in a month. He also told them that only two to four percent of their forex investment would be traded to ensure that their forex investment funds would be safe. He showed B.R. documents that purportedly showed that

7

defendant had investment success with a "million dollar client."

3. On or about January 9, 2018, S.R., through the entity BandMe Inc., and defendant Joshua C. McDonald, doing business as Perfection PR, signed a Forex Investment Agreement. S.R., through BandMe Inc. agreed to invest $100,000. Defendant Joshua C. McDonald agreed to place S.R.'s investment in his Forex Trading Program for a minimum of three months and stated that the minimum goal was a 20% return on the forex investment per month. Neither S.R. nor B.R. authorized defendant Joshua C. McDonald to invest their funds in cryptocurrency.

4. In reliance on defendant Joshua C. McDonald's false representations, on or around January 9, 2018, S.R. and B.R., on behalf of BandMe Inc., sent an interbank transfer of $90,000 from S.R. and B.R.'s Missouri bank account, via Regions Bank, to Perfection PR's Regions Bank bank account in Tennessee for their forex investment.

5. In the following months, defendant Joshua C. McDonald falsely represented that S.R. and B.R.'s forex investment had grown to over $111,000. In violation of their agreement, and without S.R. and B.R.'s knowledge or consent, defendant transferred over $20,000 of S.R. and B.R.'s investment into cryptocurrency.

When S.R. and B.R. asked defendant Joshua C. McDonald to withdraw their forex investment funds from the account, defendant Joshua C. McDonald refused. Defendant Joshua C. McDonald has not returned any funds to S.R. or B.R.

C. The Wiring

On or about January 9, 2018, in the Eastern District of Missouri and elsewhere,

**JOSHUA C. MCDONALD,**

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in

8

attempting to do so, and to obtain money and property by means of material false and fraudulent

pretenses, representations and promises, did knowingly and willfully transmit and cause to be

transmitted in interstate commerce, certain signs, signals and sounds by means of a wire

communication, that is, the interbank transfer of $90,000 from S.R. and B.R.'s Missouri bank

account, via Regions Bank, to Perfection PR's Regions Bank bank account in Tennessee.

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT IV

The Grand Jury further charges that:

1. Paragraphs one through three of Section A and paragraphs one through nine of

Section B of Count I of this indictment are re-alleged and incorporated herein by reference.

2. In or about January 2018, defendant Joshua C. McDonald represented to M.D., a

resident in the Eastern District of Missouri, that he would invest his funds in forex trading and

that he would earn a 20% return on his forex investment in a month.

3. On or about January 17, 2018, M.D. and defendant Joshua C. McDonald, doing

business as Perfection PR, agreed to a Forex Investment Agreement. M.D. agreed to invest

$10,000. Defendant Joshua C. McDonald agreed to place M.D.'s investment in his Forex

Trading Program for a minimum of three months and stated that the minimum goal was a 20%

return on his forex investment per month. M.D. did not authorize defendant Joshua C.

McDonald to invest his funds in cryptocurrency.

4. In reliance on defendant Joshua C. McDonald's false representations, on or around

January 17, 2018, M.D. wired $10,000 from his Hannibal National Bank bank account in

Missouri to Perfection PR's Regions Bank bank account in Tennessee for his forex investment.

9

In January 2018, in violation of their agreement, and without M.D.'s knowledge or consent, defendant transferred $9,800 of M.D.'s investment into cryptocurrency.

     5.   On or about April 17, 2018, defendant Joshua C. McDonald falsely represented that M.D.'s forex investment had grown to $11,200, which he characterized as a 20% profit, when he well knew that he had placed $9,800 of M.D.'s funds in cryptocurrency, not forex. On or about April 17, 2018, M.D. told defendant Joshua C. McDonald that he wanted to close his account and have his funds returned to him.   Defendant Joshua C. McDonald failed to return any funds to M.D.

### C.   The Wiring

On or about January 17, 2018, in the Eastern District of Missouri and elsewhere,

**JOSHUA C. MCDONALD,**

defendant herein, for the purpose of executing this scheme and artifice to defraud, and in attempting to do so, and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, did knowingly and willfully transmit and cause to be transmitted in interstate commerce, certain signs, signals and sounds by means of a wire communication, that is, the wiring of $10,000 from M.D.'s Hannibal National bank account in Missouri to Perfection PR's Regions Bank bank account in Tennessee.

In violation of Title 18, United States Code, Sections 1343 and 2.

### FORFEITURE ALLEGATION

The United States Attorney further alleges there is probable cause that:

     1.   Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United

States Code, Section 1343 as set forth in Counts I through IV, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2.     Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation, which is at least $240,000.

3.     If any of the property described above, as a result of any act or omission of the defendant:

   a.     cannot be located upon the exercise of due diligence;

   b.     has been transferred or sold to, or deposited with, a third party;

   c.     has been placed beyond the jurisdiction of the court;

   d.     has been substantially diminished in value; or

   e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

                        A TRUE BILL.


                        _____

                        FOREPERSON


JEFFREY B. JENSEN
United States Attorney

_____
CARRIE COSTANTIN #35925
Assistant United States Attorney

12